OPINION. Fat, Judge: The petitioners contend that they are entitled to the deduction claimed for contributions to religious groups without substantiating them because a requirement that they reveal the recipients of such contributions would interfere with the free exercise of their religion under the first amendment of the Constitution. However, we need not decide whether there is any repugnancy between the first amendment and a taxing scheme which requires the revelation of the recipients of religious contributions in order to qualify for a deduction. Even if there were such a repugnancy, it would not benefit the petitioners. Section 170(a) (1) of the Internal Eevenue Code of 1954 provides, in part, as follows: (a) Allowance of Deduction.— (1) General bule. — There shall be allowed as a deduction any charitable contribution * * * payment of which is made within the taxable year. A charitable contribution shall be allowable as a deduction only if verified under regulations prescribed by the Secretary or his delegate. It is evident that the verification of charitable contributions is an integral part of the legislative provision allowing for the deduction of such contributions. Therefore, if it were to be held that the requirement for verification of religious contributions was invalid, it would be necessary to go further and strike down the entire provision insofar as it grants a deduction for contributions to religious groups. Carter v. Carter Coal Co., 298 U.S. 288, 312-313 (1936). This would in no sense further the petitioners’ cause. Decision will be entered under Buie 50.